**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

CARLOS MAURICIO TORRES-TORRES,

        Petitioner,

vs.                                           No. CIV 20-0118 JB\KRS

CHAD MILLER; WILLIAM BARR; CHAD
WOLF; and COREY A. PRICE,

        Respondents.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Respondents' Motion to Dismiss Petition for Writ of Habeas Corpus as Moot, filed March 31, 2020 (Doc. 8)("Motion").   In the habeas filing, Petitioner Carlos Mauricio Torres-Torres challenges his indefinite detention by the United States Immigration and Customs Enforcement Agency ("ICE") pending his removal from the United States.   See Petition for a write [sic] of Habeas Corpus pursuant to 28 U.S.C. § 2241 by a person subject to indefinite Immigration detention, filed February 10, 2020 (Doc. 1)("Habeas Petition"). Because Torres-Torres has been released from ICE custody and has not opposed the Motion, the Court will dismiss this case as moot.

**FACTUAL AND PROCEDURAL BACKGROUND**

Torres-Torres is a citizen of Cuba.   See Habeas Petition ¶ 1, at 1.   He filed the Habeas Petition on February 10, 2020, raising claims under the Due Process Clause of the Fifth Amendment to the Constitution of the United States of America.   See Habeas Petition ¶¶ 22-25, at 4-5.   Specifically, he alleges that ICE officials detained him between June 19, 2019, and the petition date, February 10, 2020.   See Habeas Petition ¶ 9, at 3.   In that time, ICE officials purportedly did not issue travel documents or notify Torres-Torres of any progress in his

repatriation back to Cuba.   <u>See</u> Habeas Petition ¶ 11, at 3.   Torres-Torres argues that his indefinite detention violated the Constitution of the United States of America and asks the Court to order his release from ICE custody.   <u>See</u> Habeas Petition ¶¶ 22-25, at 5.

On March 2, 2020, the Honorable Kevin Sweazea, United States Magistrate Judge for the United States District Court for the District of New Mexico, entered an Order to Cure Deficiency and an Order to Answer Habeas Petition.   <u>See</u> Order to Cure Deficiency, filed March 2, 2020 (Doc. 3)("Cure Order"); Order to Answer Habeas Petition, filed March 2, 2020 (Doc. 4)("Order to Answer").   The Cure Order directs Torres-Torres to either prepay the $5.00 habeas filing fee or to file a motion to proceed in forma pauperis.   <u>See</u> Cure Order at 1.   The Order to Answer explains that ICE generally may hold alien detainees for up to six months without violating the Constitution.   <u>See</u> Order to Answer at 3 (citing <u>Zadvydas v. Davis</u>, 533 U.S. 678, 701 (2001)). The Order to Answer adds: "However, '[a]fter this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut [the] showing' that the custody is unconstitutional."   Order to Answer at 3 (quoting <u>Zadvydas v. Davis</u>, 533 U.S. at 701)(alterations in Order to Answer and not in <u>Zadvydas v. Davis</u>).   Accordingly, the Order to Answer directs Respondents to answer the Habeas Petition by April 2, 2020.   <u>See</u> Order to Answer at 3.   The Order to Answer also directs the Clerk's Office to forward a copy of the Habeas Petition to the United States Attorney's Office ("USAO"), as the USAO typically answers 28 U.S.C. § 2241 ICE-detention filings on the federal Respondents' behalf.   <u>See</u> Order to Answer at 3.

On March 31, 2020, Assistant United States Attorney Tiffany Walters entered an appearance on all Respondents' behalf and filed the Motion.   <u>See</u> Notice of Appearance, filed

March 31, 2020 (Doc. 7); Motion at 1.  In the Motion, the Respondents argue that the Habeas Petition is moot and seek dismissal of this proceeding.  See Motion at 2.  The Motion attaches paperwork demonstrating that, on February 21, 2020, ICE released Petition from custody pending his removal from the United States.  See Order of Supervision and Release Notification (dated February 21, 2020), filed March 31, 2020 (Doc. 8-1).  The Certificate of Service in the Motion reflects that the Respondents, through counsel, served a copy of the Motion on Torres-Torres at his residential address in Albuquerque, New Mexico.  See Motion at 4.  Torres-Torres has not responded to the Motion.

## LAW REGARDING THE DOCTRINE OF MOOTNESS

The doctrine of mootness is grounded in Article III of the Constitution of the United States of America, which places a constitutional limitation on the federal courts' jurisdiction to hear and determine "cases and controversies."  U.S. Const. art. III, § 2, cl. 1.  At the time the litigation is commenced, a plaintiff must show standing under Article III by demonstrating: "(1) an injury in fact; (2) a causal connection between the injury and the challenged action; and (3) a likelihood that a favorable decision will redress the injury."  Jordan v. Sosa, 654 F.3d 1012, 1019 (10th Cir. 2011)(citing Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc., 528 U.S. 167, 180-81 (2000)).

There are two mootness doctrines: (i) constitutional mootness, which is based on Article III of the Constitution; and (ii) prudential mootness.  See Am. Constitutional Law Found., Inc. v. Davidson, 211 F.3d 1277, 2000 WL 488460, at *2 (10th Cir. 2000)(unpublished table opinion)("A court may also find a party's claims moot under the doctrine of 'prudential mootness' even if there

is no constitutional mootness problem.").[1]  Constitutional mootness is a threshold jurisdictional

issue that goes to the court's power to hear the case.   Prudential mootness, in contrast, goes to the

court's discretion to determine whether the circumstances have so changed that any meaningful

relief is no longer available.  See Hamdan v. Chertoff, 626 F. Supp. 2d 1119, 1125-26 (D.N.M.

2007)(Browning, J.).

     "Mootness is a threshold issue because the existence of a live case or controversy is a

constitutional prerequisite to federal court jurisdiction."  McClendon v. City of Albuquerque, 100

F.3d 863, 867 (10th Cir. 1996).  See also Out of Line Sports, Inc. v. Rollerblade, Inc., 213 F.3d

500, 501 (10th Cir. 2000); In re Yellow Cab Co-op. Ass'n, 132 F.3d 591, 594 (10th Cir.

1997)(citing Keyes v. Sch. Dist. No. 1, Denver, 119 F.3d 1437, 1445 (10th Cir. 1997)).

Moreover, "[t]his requirement exists at all stages of federal judicial proceedings, and it is therefore

not enough that the dispute was alive when the suit was filed; the parties must continue to have a

personal stake in the outcome."  McClendon v. City of Albuquerque, 100 F.3d at 867.   Because

---

[1]American Constitutional Law Foundation, Inc. v. Davidson is an unpublished opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it.   See 10th Cir. R. 32.1(A) ("Unpublished opinions are not precedential, but may be cited for their persuasive value.").   The Tenth Circuit has stated:

    In this circuit, unpublished opinions are not binding precedent, . . . and we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005)(citations omitted).   The Court finds that American Constitutional Law Foundation, Inc. v. Davidson and Cohen Ma v. Hunt, 372 F. App'x 850 (10th Cir. 2010), have persuasive value with respect to material issues and will assist the Court in its preparation of this Memorandum Opinion and Order.

mootness is an issue of subject-matter jurisdiction, it can be raised at any stage of the proceedings. See Kennedy v. Lubar, 273 F.3d 1293, 1301-02 (10th Cir. 2001).

"In deciding whether a case is moot, the crucial question is whether granting a present determination of the issues offered will have some effect in the real world. When it becomes impossible for a court to grant effective relief, a live controversy ceases to exist, and the case becomes moot." Abdulhaseeb v. Calbone, 600 F.3d 1301, 1311 (10th Cir. 2010)(citation and quotation marks omitted).   A case becomes moot "when a plaintiff no longer suffers 'actual injury that can be redressed by a favorable judicial decision.'"   Rhodes v. Judiscak, 676 F.3d 931, 933 (10th Cir. 2012)(quoting Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70 (1983)).   The court will not dismiss a case as moot if:

> (1) secondary or "collateral" injuries survive after resolution of the primary injury; (2) the issue is deemed a wrong capable of repetition yet evading review; (3) the defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time; or (4) it is a properly certified class action suit.

Riley v. INS, 310 F.3d 1253, 1257 (10th Cir. 2002)(quoting Chong v. Dist. Dir., INS, 264 F.3d 378, 384 (3d Cir. 2001)).   See Ind v. Colo. Dep't of Corr., 801 F.3d 1209, 1213-14 (10th Cir. 2015).

"Under both Article III and prudential mootness doctrines, the central inquiry is essentially the same: have circumstances changed since the beginning of litigation that forestall any occasion for meaningful relief."   S. Utah Wilderness All. v. Smith, 110 F.3d 724, 727 (10th Cir. 1997). "Simply stated, a case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome."   Powell v. McCormack, 395 U.S. 486, 496 (1969)(internal quotations omitted).   When there is no reasonable expectation that the alleged

violation will repeat itself, and "interim relief or events have completely and irrevocably eradicated the effects of the alleged violation," a case is moot, "because neither party has a legally cognizable interest in the final determination of the underlying questions of fact and law."   Los Angeles Cty. v. Davis, 440 U.S. 625, 631 (1979).

## ANALYSIS

The Motion alleges that this habeas proceeding is moot based on Torres-Torres' recent release from custody.   See Motion at 1.   The Habeas Petition challenges his indefinite ICE detention, and the Respondents have submitted documentation reflecting that ICE released Torres-Torres from custody on February 21, 2020, pending his removal from the United States.   See Order of Supervision and Release Notification.   Torres-Torres therefore has obtained all the relief that 28 U.S.C. § 2241 offers, i.e., a release from unconstitutional custody.   See 28 U.S.C. § 2241(c)(1)("The writ of habeas corpus shall not extend to a prisoner unless . . . he is in custody in violation of the Constitution or laws or treaties of the United States.").

The United States Court of Appeals for the Tenth Circuit and the Court have held that release from custody generally moots a challenge to indefinite detention.   See Ferry v. Gonzales, 457 F.3d 1117, 1132 (10th Cir. 2006)(holding that petitioner's challenge to detention without a bond hearing was moot where he was no longer in custody); Ascencio v. Terry, No. CIV 10-0139 JB/LFG, 2010 WL 11619128, at *2 (D.N.M. Aug. 23, 2010)(Browning, J.)("[The petitioner's] release from detention moots his challenge to the legality of his extended detention.").   This rule is particularly true where, as here, the habeas petitioner seeks release from custody and then obtains the requested relief before the case is decided.   See Riley v. INS, 310 F.3d at 1257 (holding that the petitioner's release mooted his prolonged detention claim); Cohen Ma v. Hunt, 372 F. App'x

850, 852 (10th Cir. 2010)(unpublished)(holding that the petitioner's release from ICE custody mooted his release claims).

The Motion sets out the exceptions to mootness that <u>Riley v. INS</u> mentions, should Torres-Torres wish to continue prosecuting this habeas action.   As noted above, the Court will not dismiss a case as moot unless Torres-Torres establishes:

> (1) secondary or "collateral" injuries survive after resolution of the primary injury; (2) the issue is deemed a wrong capable of repetition yet evading review; (3) the defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time; or (4) it is a properly certified class action suit.

<u>Riley v. INS</u>, 310 F.3d at 1257 (quoting <u>Chong v. Dist. Dir., INS</u>, 264 F.3d at 384).   Torres-Torres has not attempted to establish that an exception applies or otherwise responded to the Motion. There is also nothing in the record suggesting any exception applies in this case.   Torres-Torres' continued detention was the only redressable injury; the Court lacks jurisdiction to review the underlying removal order.   <u>See</u> <u>Ferry v. Gonzales</u>, 457 F.3d at 1131 (noting that district courts lack "jurisdiction over habeas petitions challenging final orders of removal").   There is no indication that the wrong -- holding Torres-Torres for seven months without making progress towards his removal -- is capable of repetition, or that the Respondents are free to continue Torres-Torres' ICE detention without cause.   The release paperwork reflects that Torres-Torres is "released from ICE custody pending removal from the United States," provided he does not violate his conditions of release.   Order of Supervision and Release Notification at 5.   Finally, this proceeding is not a class action suit.

For these reasons, the Court concludes that the action is moot and that no exceptions warrant the Habeas Petition's continued prosecution.   The Court will grant the Motion and

dismiss the case.

**IT IS ORDERED** that: (i) the Respondents' Motion to Dismiss Petition for Writ of Habeas Corpus as Moot, filed March 31, 2020 (Doc. 8), is granted; (ii) the Petition for a write [sic] of Habeas Corpus pursuant to 28 U.S.C. § 2241 by a person subject to indefinite Immigration detention, filed February 10, 2020 (Doc. 1), is dismissed as moot; and (iii) the Court will enter a separate Final Judgment disposing of the civil case.

UNITED STATES DISTRICT JUDGE

*Parties and counsel:*

Carlos Mauricio Torres-Torres
Estancia, New Mexico

   *Pro se petitioner*

John C. Anderson
   United States Attorney
Tiffany Walters
   Assistant United States Attorney
United States Attorney's Office
Albuquerque, New Mexico

   *Attorneys for the Respondents*